IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

E. J. SAAD, P.C.,                    )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )          CIVIL ACTION NO. 12-00018-KD-N
                                     )
HINKLE METALS & SUPPLY CO. INC.,  )
et al.,                              )
                                     )
          Defendants.                )

REPORT AND RECOMMENDATION

This interpleader action is before the Court on a motion (docs. 24-25) filed by the

United States on behalf of the Department of Treasury and Internal Revenue Service, one

of the named defendants herein, to dismiss this action for lack of both personal and

subject matter jurisdiction. The United States also seeks to have all funds deposited by

the plaintiff in this case, namely $94,478.02 (doc. 30), paid to the United States.  This

matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636 (b)(1)(B) for entry of a Report and Recommendation.  An Order was entered on

March 19, 2012 (doc. 27)  setting a deadline within which the parties could respond to

this motion to dismiss.  No party has responded or sought an extension of time within

which to respond.[1]  For the reasons stated below, however, it is recommended that the

motion be **DENIED.**

_____

[1] This failure to respond is of no consequence inasmuch as the present motion to dismiss
present's a facial attack on the complaint which requires this Court to "consider the allegations
(Continued)

I.      Background and Procedural History.

The Internal Revenue Service ("IRS") issued a Notice of Levy to Plaintiff E.J.

Saad, P.C. ("Saad") on December 12, 2011, seeking a certain fund in Saad's possession

to collect the tax debts of Air Comfort Company, Inc. ("ACC").[2]  (Doc. 25 at 1).  The

IRS sought to collect ACC's federal employment tax liabilities for the last three quarters

of 2010 and the first quarter of 2011, which amounted to $629,184.70. (*Id*. at 2; Doc. 1-2

at 2).  Saad's account held settlement proceeds of two claims Saad brought on ACC's

behalf.  (*Id*; Doc. 1 at ¶ 11.).  On January 6, 2012, subsequent to the IRS levy, Hinkle

Metals & Supply Co., Inc. ("Hinkle") and  BancorpSouth Bank, Inc. ("BancorpSouth")

served garnishments upon Saad for the same fund.  (*Id*. at 2-3; Docs 1-1 and 1-4).

BancorpSouth had previously advised Saad by letter dated November 29, 2011, that,

pursuant to an alleged "prior perfected lien," it claimed the settlement funds held by

Saad. (Doc. 1-3 at 2).

On January 12, 2012, Saad filed this interpleader action asserting jurisdiction

pursuant to "28 U.S.C. § 1335 [statutory interpleader] and Fed.R.Civ.P. 22 [Rule

───────────────────

of the complaint as true." Schmidt v. U.S. Army Corps of Engineers, 2008 WL 2783292, *3
(W.D. Mich. July 15, 2008).  "However, the Court is not required to 'accept as true legal
conclusions or unwarranted factual inferences' [asserted in an unopposed  motion to dismiss]."
Shipp v. United States, 2005 WL 2464669, *4 (W.D. Tenn. 2005), *quoting*  Grindstaff v. Green,
133 F.3d 416, 421 (6th Cir. 1998).  Consequently, the nonmoving parties are not prejudiced by
their failure to respond.

[2] On March 19, 2012, Saad filed a Suggestion of Bankruptcy on behalf of ACC. (Doc.
26).

interpleader]." (Doc. 1 at ¶ 6). Saad disclaims any ownership interest in the amount remaining in ACC's settlement proceeds after Saad's deduction of litigation fees and costs incurred in its representation of ACC connection with the aforementioned two claims. (Doc. 1 at ¶ 11). Saad asserts that "[t]he garnishment, levy and claim of Hinkle, the IRS and BancorpSouth each and all seek the same funds and expose Saad to double or multiple liability [and] Saad is in doubt as to which of the claimants is or are entitled to the funds, if any." (Doc. 1 at ¶ 12).

On January 16, 2012, Saad sought permission (doc. 7) to deposit the funds at issue in the Registry of the Court. Saad subsequently deposited $94,478.02 into the Registry of the Court. *See* Docs. 10 and 30. BancorpSouth and Hinkle have appeared and filed their Answers (doc. 14 and 17, respectively) to the Complaint. On March 16, 2012, the United States filed the present motion to dismiss (doc. 24), on the grounds, in sum, that this action must be dismissed for lack of both personal jurisdiction and subject matter jurisdiction. (Doc. 25 at 2). The United States argues that the Court lacks personal jurisdiction over the named defendant, addressed by the United States as "the 'Department of Treasury' and 'Internal Revenue Service'," because neither is a suable entity. (Doc. 25 at 4). The Court is said to lack of subject matter jurisdiction over the United States, "the real party in interest," because it has not waived its sovereign immunity in this particular case. The United States specifically contends that, because Saad is granted immunity in connection with its payment of the IRS levy, it is not subject to any threat of multiple liability and, without such threat, there is no need for

interpleader relief.  Further, absent the need for such relief, the Government states that it does not waive its sovereign immunity under 28 U.S.C. § 2410(a), which authorizes suits against the United States "in any district court, or in any State court having jurisdiction of the subject matter . . . of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien."[3] As stated previously, none of the parties have opposed the arguments advanced by the United States.

II.    Standard of Review.

The Eleventh Circuit has held that a Rule 12(b)(1) motion to dismiss may assert either a factual or facial attack on subject matter jurisdiction. McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007).  This Court recently addressed the Standard of Review for a 12(b)(1) motion in Cincinnati Ins. Co. v. Emmons, 2011 WL 1380023, * 1 (S.D. Ala. Mar. 24, 2011), as follows:

> "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12( b)( 1) the district court is free to independently weigh facts, and 'may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56'." Turcios v. Delicias Hispanas Corp., 275 Fed. Appx. 879, 880 (11th Cir. 2008), quoting Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003)(quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Motions to dismiss for lack of subject matter jurisdiction pursuant to

---

[3] The term "action in the nature of interpleader," found in both Rule 22 and in 28 U.S.C. § 1335, "refers to those actions in which an interpleading plaintiff asserts an interest in the subject matter of the dispute." Hussain v. Boston Old Colony Ins. Co., 311 F.3d 623, 631 (5th Cir. 2002).  In the case at bar, there is no dispute that Saad seeks a discharge from liability and therefore impliedly disavows any ownership interest in the funds at issue. (Doc. 1, Prayer for Relief.)

Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually." <u>Spring Air International, LLC v. R.T.G.Furniture Corp.</u>, 2010 WL 4117627, *1 (M.D. Fla. Oct. 19, 2010), *quoting* <u>Morrison</u>, 323 F.3d at 925 n. 5. With respect to a facial challenge, the allegations in the complaint are assumed to be true by the Court, which then must determine whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Id., citing* <u>Lawrence</u>, 919 F.2d at 1529. In contrast to a facial challenge, a factual attack challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. at *2, *quoting* <u>Lawrence</u>, 919 F.2d at 1529. (additional citations and footnotes omitted.)

In other words, "when a Rule 12(b)(1) motion constitutes a factual attack on subject matter jurisdiction, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue'." <u>Turcios</u>, 275 Fed. Appx. at 880, (*quoting* <u>Lawrence</u>, 919 F.2d at 1529).

2011 WL 1380023 at *1.

In this case, the United States asserts that it is the real party in interest but maintains that it is immune from suit.  "Federal sovereign immunity deprives a court of subject matter jurisdiction." <u>Stackhouse v. United States</u>, 2011 WL 820885, * 6 (D. Minn. Feb. 11, 2011), *quoting* <u>Cooke v. Stanton</u>,  2009 WL 424537 at * 4 (D. Minn. Feb. 18, 2009)(*citing* <u>Riley v. United States</u>, 486 F.3d 1030, 1031-32 (8th Cir. 2007)). When a challenge to subject matter jurisdiction is advanced, the plaintiff bears the burden to establish that jurisdiction exists. <u>U.S. ex rel. Sanders v. East Alabama Healthcare Authority</u>, 953 F.Supp. 1404, 1408-09 (M.D. Ala., 1996), *citing* <u>Thomson v. Gaskill</u>, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951 (1942); <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d 507, 511 (5th Cir.), *cert denied,* 449 U.S. 953 (1980).  <u>Osborn v. United States</u>, 918 F.2d 724, 730 (8th Cir. 1990).

If the motion to dismiss under Rule 12(b)(1) is based on a deficiency in the pleadings, the "standard of review is the same standard we apply in Rule 12(b)(6) cases." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007)(*citing* Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697-98 (8th Cir. 2003). Under this standard, the plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims, namely the right to jurisdiction in this Court, rather than facts that are "merely consistent with such a right." *Id., citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

With respect to interpleader actions, the plaintiff bears the burden of proving that interpleader is proper. Fresh America Corp. v. Wal-Mart Stores, Inc., 393 F.Supp.2d 411, 414 (N.D. Tex. 2005). Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship[4] are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry. 28 U.S.C. § 1335(a). "There are two varieties of interpleader: 'true interpleader,' in which the stakeholder disclaims all interest in the disposition of the fund; and 'actions in the nature of interpleader,' in which the stakeholder is one of a group of claimants asserting a right to the fund." *Id*., 393 F.Supp.2d at 414, *quoting*, Airborne Freight Corp. v. United States, 195 F.3d 238, 240 (5th Cir. 1999). "In a true interpleader action, the stakeholder is dismissed from the suit after the Court determines that

---

[4] According to the Complaint, the claimants to the fund at issue are diverse in citizenship. (Doc. 1 at ¶¶ 2-5). The United States does not challenge this diversity.

interpleader is appropriate, and only the parties asserting an interest in the fund remain."
*Id*. The United States acknowledges that SAAD disclaims all interest in the disposition
of the funds at issue in this case. (Doc. 25 at 3).

    III.    <u>Analysis</u>.

    As an initial matter, the United States is the real party in interest in this case
because neither the Treasury nor the IRS is a suable entity. *See e.g.*, <u>Castelberry v.</u>
<u>Alcohol, Tobacco and Firearms Div. of Treasury Dept.</u>, 530 F.2d 672, 673 n.3 (5th Cir.
1976)("The Bureau of Alcohol, Tobacco and Firearms of the U.S. Treasury Department .
. . is not suable, since the Congress has not constituted the Treasury Department or any of
its divisions or bureaus as a body corporate and has not authorized either or any of them
to be sued eo nomine."), *citing, inter alia,* <u>Blackmar v. Guerre</u>, 342 U.S. 512
(1952)(dealing similarly with the United States Civil Service Commission). *See also*
<u>Reppert v. I.R.S.</u>, 418 Fed.Appx. 897, 898 n. 1 (11th Cir. Mar. 24, 2011)("Taxpayer
named the IRS as defendant but the IRS is not a suable entity."). Consequently, the
United States should be substituted for the Department of Treasury and the IRS , who are
presently named as party defendants.[5]

    Saad filed this interpleader action pursuant to "28 U.S.C. § 1335 [statutory
interpleader] and Fed.R.Civ.P. 22 [Rule interpleader]." (Doc. 1 at ¶ 6). Rule 22

---

[5] "Rule 17 states that '[n]o action shall be dismissed on the ground that it is not
prosecuted in the name of the real party in interest until a reasonable time has been allowed after
objection for ratification of commencement of the action by ... the real party in interest'." <u>Curtis</u>
<u>v. United States</u>, 63 Fed. Cl. 172, 180 (Fed. Cl. 2004).Such substitution will resolve the
contention that this Court lacks personal jurisdiction over the named defendants.

interpleader provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."  Fed.R.Civ.P. 22(a)(1).[6]  In addition, Rule 22 provides that "[t]he remedy this rule provides  is in addition to—and does not supersede or limit—the remedy provided by 28 U.S.C. § 1335 . . . ."  Fed.R.Civ.P. 22(b).  As stated above, under 28 U.S.C. § 1335, this Court has jurisdiction over a civil interpleader action involving adverse claims to money or property worth $500 or more provided at least two of the adverse claimants are of diverse citizenship and "are claiming or may claim to be entitled to such money or property."[7] The essence of this interpleader action is Saad's assertion that, while it disclaims any ownership interest in the funds it has now deposited with this Court, "[t]he garnishment, levy and claim of Hinkle, the IRS and BancorpSouth each and all seek the same funds and expose Saad to double or multiple liability [and] Saad is in doubt as to which of the

---

[6]  Although Rule 22 provides a procedural structure for handling interpleader cases, the United States argues that  it requires independent jurisdictional grounds.  Doc. 25 at n.4, *citing, inter alia,*  Bell v. United States, 766 F.2d 910, 917 (6th Cir. 1985)(District Court lacked jurisdiction over interpleader action because "the anticipated action does not arise under federal law within the meaning of [28 U.S.C. § 1331].").

[7] 28 U.S.C. § 1335 states in relevant part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation ... having his or its custody or possession money or property of the value of $500.00 or more ... if
>
> (1) Two or more adverse claimants, of diverse citizenship ... are claiming or may claim to be entitled to such money or property ... and if (2) the plaintiff has deposited such money or property ... into the registry of the court....

claimants is or are entitled to the funds, if any." (Doc. 1 at ¶ 12). As it has been pled, therefore, this action is a "true interpleader."

The United States acknowledges that Congress has waived the Government's sovereign immunity "in certain interpleader actions." (Doc. 25 at 7, *citing* 28 U.S.C. § 2410(a), which authorizes suits against the United States "in any district court, or in any State court having jurisdiction of the subject matter . . . of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien."). The United States contends, however, that this waiver of immunity applies only to "a valid interpleader." *Id.* According to the United States, "[t]he central prerequisite for a 'true' interpleader action . . . is that the plaintiff-stakeholder runs the risk–but for determination in interpleader–of multiple liability when several claimants assert rights to a single stake." *Id.* at 8, *quoting* <u>Airborne Freight Corp. v. United States</u>, 195 F.3d 238, 240 (5th Cir. 1999) (prerequisite applies whether plaintiff invokes Rule or statutory interpleader); *see also* <u>Ohio Nat'l Life Assur. Corp. v. Langkau</u>, 353 Fed. Appx. 244, 248 (11th Cir. 2009) ("Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund."). The United States takes the position that:

> [S]ubject matter jurisdiction is lacking here because this action does not fall within the intended purpose of interpleader actions for which the Government has waived its sovereign immunity, i.e., to avoid "'the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing.'" <u>Airborne Freight Corp, 195 F.3d at 240</u> (5th Cir. 1999) (<u>quoting</u> <u>Texas v. Florida</u>, 306 U.S. 398, 412 (1939)). Without the threat of multiple liability, an interpleader plaintiff has

> no need for interpleader relief, and the Government does not waive its
> sovereign immunity under 28 U.S.C. § 2410(a).

(Doc. 25 at 9-10). This argument of the United States is premised solely on the fact that, under 26 U.S.C. § 6332(e), Saad "will not be liable to the other defendants if it honors the levy and remits the funds in question to the IRS." (*Id*. at 10).

"Under section 6332(e), any person who surrenders property to the government pursuant to a levy "shall be discharged from any obligation or liability to the delinquent taxpayer ***and any other person*** with respect to such property or rights to property arising from such surrender or payment," (*Id*. at 10-11, *citing* 26 U.S.C. § 6332(e) (emphasis in original); <u>Carman v. Parsons</u>, 789 F.2d 1532, 1534 (11th Cir. 1986)(Held that "as a matter of law the trustees are immune from liability under ERISA by virtue of the protection of 26 U.S.C.A. § 6332(d) [for their payment of funds held on plaintiff's behalf in a Vacation Fund to the IRS pursuant to two tax levies].")[8]. There is, however, a distinction between "immunity from liability" and "immunity from suit." It is clear that, in this action, the United States can assert no more than Saad's "immunity from liability" pursuant to 26 U.S.C. § 6332(e). The mere fact that this immunity could be asserted by Saad in defense of any action brought against it by Hinkle or BancorpSouth does not insulate Saad from being hauled into Court by Hinkle or BancorpSouth and thus being "***subject to adverse claims*** that could expose it to multiple liability on the same fund." <u>Ohio Nat'l Life</u>

---

[8] <u>Carmen v. Parsons</u> is not an interpleader action but is, instead, a suit brought by the plaintiff against the trustees of plaintiff's ERISA fund in which plaintiff alleged that "the trustees were not required to transfer the funds to the IRS." 789 F.2d at 1533. The Court held otherwise.

Assur. Corp., *supra*, 353 Fed. Appx. at 248 (emphasis added).  The United States cites no case in which a Court has redefined "true interpleader" to require proof of the stakeholder's liability as a prerequisite to filing an interpleader action.  All that is required is that the stakeholder be confronted with " two or more ***adverse claimants*** with diverse citizenship [who] are competing for that fund [deposited by the stakeholder into the Court's Registry].  28 U.S.C. § 1335(a).  As the Supreme Court long ago emphasized, an interpleader should be employed for "the avoidance of the burden of ***unnecessary litigation*** or the risk of loss by the establishment of multiple liability when only a single obligation is owing [and] [t]hese risks are avoided by adjudication in a single litigation binding on the parties."  Texas v. Florida, 306 U.S. 398, 412 (1939)(emphasis added).

The Bankruptcy Court for the Northern District of Florida recently addressed this issue as follows:

> The IRS' contention that the interpleader must be dismissed because the Mets do not risk exposure to multiple liability is also unavailing. The IRS asserts that 26 U.S.C. § 6332(e) forecloses the possibility of double or multiple liability for the Mets. Specifically, double or multiple liability is barred, in the IRS' view, because Section 6332(e) shields from liability to the delinquent taxpayer, any person in possession of property subject to a levy if said person surrenders such property. However, courts have repeatedly ruled Section 6332(e) is not relevant to the issue of whether an interpleader action may be brought.  Kurland v. United States, 919 F.Supp. 419, 422 (M.D. Fla. 1996) addressed the issue head-on:

>> Title 26 U.S.C. § 6332(e) may provide a shield against liability to those honoring federal tax liens; however, that is insufficient to override the purpose behind the interpleader rule and statute. First Interstate Bank of Oregon v. United States, 891 F.Supp. 543 (D. Or. 1995). Interpleader gives the disinterested party the ability to bow out, leaving the actual parties with real interests at stake to litigate their claims. *See id*.; New York Life Ins. Co. v. Connecticut Dev. Auth., 700 F.2d 91, 96 (2nd  Cir. 1983).

In re Strawberry, 464 B.R. 443, 447-48 (Bankr. N.D. Fla. 2012). *See also* Pro-Steel Bldgs., Inc. v. United States, 810 F.Supp.2d 1302, 1305 (N.D. Fla. 2011 (Interpleader plaintiff held entitled to attorney's fees and costs despite claims that the interpleader action was unnecessary because the plaintiff filed the action in good faith and the protection afforded by 26 U.S.C. § 6332(e) is not absolute.);  First Interstate Bank of Oregon, N.A. v. United States, 891 F.Supp. 543, 546 (D. Or. 1995)("[T]he right to interpleader is not incumbent upon a stakeholder showing that it is in jeopardy of multiple liability, as well as multiple litigation. Instead, '[a] stakeholder, acting in good faith, may maintain a suit in interpleader to avoid the vexation and expense of resisting adverse claims, even though he believes only one of them is meritorious'.").

Consequently, the United States has failed to establish that this action is due to be dismissed for lack of subject matter jurisdiction.[9]

CONCLUSION

For the reasons stated above, it is recommended that the motion to dismiss filed by the United States be **DENIED**.  The instructions that follow the undersigned's signature

---

[9] The United States may well have grounds to support a motion for judgment on the pleadings with respect to its tax levy but such relief is not sought at this juncture.  In addition, the United States has failed to demonstrate how this Court could be authorized to order the payment of the deposited funds to the Government  if the Court had otherwise concluded that it lacked jurisdiction as asserted by the United States.

contain important information regarding objections to the report and recommendation of the Magistrate Judge.[10]

**DONE** this __22nd__ day of May, 2012.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

---

[10] The parties are reminded that, if the District Judge adopts this Report and Recommendation, the parties are required to meet and file a Rule 26(f) Report within fourteen (14) days of that Order.  *See* Doc. 29.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days [11]  after being served with a copy of the recommendation, unless a different time is established by order."  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this   22nd   day of May, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[11] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).